**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FAITH A. MCGUIRE,           )<br>                                              )<br>          Plaintiff,            )<br>                                              )<br>     vs.                              )<br>                                              )<br>                                              )<br>MICHAEL J. ASTRUE,  )<br>Commissioner,                )<br>Social Security Administration, )<br>                                              )<br>          Defendant.          )<br>_____) | 3:08-cv-00465-HDM (VPC)<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**<br><br><br>October 2, 2009 |

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

Before the court is plaintiff's motion for reversal of the Commissioner's decision (#10). Defendant opposed and filed a cross-motion for summary judgment (#11). Plaintiff did not file a reply. For the reasons set forth below, the court recommends that plaintiff's motion for reversal (#10) be denied and defendant's cross-motion for summary judgment (#11) be granted.

**I. ADMINISTRATIVE PROCEEDINGS**

Plaintiff Faith A. McGuire ("plaintiff") filed an application for Supplemental Social Security disability insurance benefits on June 6, 2001(AR 44-47) and Supplemental Security Income payments on September 24, 2001. Plaintiff bases her alleged disability on diabetes, hyperthyroid disorder, osteoarthritis, hypertension and undiagnosed "extreme muscle weakness - difficulty breathing, walking, standing" (AR 44). The Commissioner denied plaintiff's claim initially (AR 32-35) and on reconsideration (AR 37-40). Administrative Law Judge ("ALJ") Barry S. Martin held a hearing on November 7, 2002, and attorney Dennis A. Cameron

represented plaintiff (AR 16-25 (opinion); AR 254-252 (transcript)). The ALJ filed a written opinion on January 30, 2003, upholding the denial of plaintiff's claim (AR 16-25). Plaintiff appealed the hearing decision to the United States District Court. The district court remanded the decision to the agency for a supplemental hearing. On October 9, 2007, ALJ L. Kalei Fong held a supplemental hearing, and on November 16, 2007, ALJ Fong issued a decision. The claimant requested administrative review, and the Appeals Council denied review on June 26, 2008, making the ALJ's decision final (AR 273-75). Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on August 28, 2008 (#1).

## II.  BACKGROUND

Plaintiff was born on July 13, 1956, and was fifty-one years old at the time of the hearing (AR 443). Plaintiff has six years of college education and an Associate Arts degree. *Id.* She last worked as a gift shop supervisor at the Reno Hilton (AR 421). Previous employment included a position as a cashier at Sierra Crystal Mines and Sands gift shop (AR 422). Plaintiff alleges that she became disabled as of February 20, 2000 (AR 292). In her 2001 application for benefits, she based her inability to work on diabetes, hyperthyroid disorder, osteoarthritis, hypertension and undiagnosed "extreme muscle weakness - difficulty breathing, walking, standing" (AR 44). She claimed that her need to sit down frequently precluded her from performing the job and also complained of pain in her knees which limited her ability to stand and walk (AR 20). Following the 2007 hearing, the ALJ found plaintiff not disabled because she was capable of performing past relevant work as a cashier (AR 297). Specifically, the ALJ made the following findings:

> 1. The claimant met the insured status requirements of the Social Security Act through December 31, 2005.

2. The claimant has not engaged in substantial gainful activity since February 20, 2000, the alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).

3. The claimant has the following severe impairments: obesity, degenerative lumbar disk disease, and diabetes mellitus (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work involving occasional lifting and carrying up to 10 pounds and less than 10 pounds frequently, standing and/or walking for less than 2 hours per 8-hour workday, sitting for less than 6 hours per 8-hour workday, unlimited pushing/pulling, no climbing of ladders or ropes, occasional crouching and crawling, and no concentrated exposure to heat, fumes, gas ventilation, or to hazards.

6. The claimant is capable to performing past relevant work as a cashier. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from February 20, 2000 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(AR 294-98).

### III. STANDARD OF REVIEW

The court must uphold the decision of an ALJ if the ALJ properly applied the correct legal standards and his findings of fact are supported by substantial evidence in the record. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" has

been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala,* 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citing *Smolen*, 80 F.3d at 1279). "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings. However, if the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted). The ALJ alone is responsible for determining credibility, and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

## IV. DISCUSSION

**A.     Legal Framework**

Pursuant to the Social Security Act, the Secretary has adopted regulations which establish a formalized, five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The ALJ considers: (1) whether the person is engaging in substantial gainful activity; (2) the severity of the alleged impairment; (3) whether the impairment meets or equals a listed impairment and meets the duration requirement; (4) whether the individual is capable of doing work he or she has done in the past; and (5) whether the impairment prevents the person from doing any other work. *Id.* If at any point in the five-step inquiry it is determined that a claimant is or is not disabled, further review is unnecessary. The claimant bears the burden in steps one through four of proving entitlement to disability benefits, and the burden shifts to the Commissioner in step five. *See Andrews v. Shalala*, 53 F.3d 1035, 1040 (9th Cir. 1995).

In this case, the ALJ determined that the plaintiff had the residual functional capacity sufficient to perform her past related work (AR 297). On her motion to this court, plaintiff raises the sole argument that the ALJ's residual functional capacity assessment failed to consider the opinion of plaintiff's treating physician, Dr. Chamberlain, who had determined that plaintiff could not perform certain activities required for employment (AR 413-15). Plaintiff further asserts the ALJ ignored Dr. Chamberlain's medical opinion without discrediting it and providing specific and legitimate reasons as required by law (#10). Defendant's position is that the ALJ expressly discredited the treating physician's opinion and that the ALJ provided a substantial basis in the record for doing so (#11).

**B.   ALJ's Residual Functional Capacity Assessment**

   **1.   Law**

A claimant's residual functional capacity ("RFC") is the most that he or she can do despite physical or mental limitations. 20 C.F.R. § 404.1545(a). Federal regulations assure that the Social Security Administration ("SSA") will assess RFC based on "all relevant evidence in the court record." *Id.*; *see* 20 C.F.R. § 404.1546(c) (noting that the ALJ is responsible for RFC assessment in cases on appeal). The SSA further promises claimants that it "will evaluate every medical opinion [they] receive." 20 C.F.R. § 404.1527(d).

In determining the credibility of a claimant's subjective testimony, the Ninth Circuit has endorsed the test outlined in *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986). The test requires that a claimant (1) "produce objective medical evidence of an impairment or impairments," and (2) "show that the impairment or combination of impairments could reasonably be expected to (not that it did in fact) produce some degree of symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). In regards to the court's treatment of medical evidence, "[t]he opinion of a

treating physician is given deference because he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (internal quotations omitted). However, the opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability. *Id.* "When a nontreating physician's opinion contradicts that of the treating physician . . . the opinion of the treating physician may be rejected only if the ALJ gives 'specific, legitimate reasons for doing so that are based on substantial evidence in the record.'" *Id.* (quoting *Andrews*, 53 F.3d at 1041). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Where medical reports are inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Morgan*, 169 F.3d at 600.

### 2. Analysis

In this case, the ALJ ultimately found that plaintiff had RFC which would not preclude her from work as a cashier. In his analysis, the ALJ first determined that plaintiff had an underlying medically determinable physical or mental impairment that could reasonably be expected to produce plaintiff's pain or other symptoms (AR 296). However, the ALJ found that certain symptoms did not have a medically objective basis (AR 296). Specifically, the ALJ found no medically determinable impairment to account for plaintiff's complaints pertaining to (1) gross or fine motor skills or (2) problems with cognitive or memory function (AR 296-97). In other

words, the ALJ determined that plaintiff failed to satisfy the *Cotton* test with respect to those two complaints.

In the instant motion, plaintiff argues that the ALJ failed to consider symptoms listed in Dr. Chamberlain's RFC assessment, which would affect her ability to engage in substantial gainful employment (#10). Plaintiff contends that the ALJ did not discredit the treating physician's limitations. *Id.* The court disagrees. The ALJ expressly discredited the report and set forth specific and legitimate reasons for not lending weight to it (AR 296-97). The ALJ noted that Dr. Chamberlain's assessment did not bear any date, thereby rendering the ALJ unable to relate the report to any period in time (AR 297). Moreover, the ALJ also noted that Dr. Chamberlain did not include any particular clinical or laboratory findings beyond "moderate-severe weakness" to support his opinion that plaintiff could not work (AR 297; Ex. 18F). Federal regulations declare that "the more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the SSA] will give that opinion." 20 C.F.R. § 404.1527(d)(3). Dr. Chamberlain did not offer such findings in his report. During the hearing, ALJ Fong made the following inquiry of plaintiff's counsel regarding the existence of objective medical evidence:

> ALJ: Okay. So in other words, when I went over her records, treating records, I couldn't find anything dealing with her subjective complaint of difficulty with her hands - -
>
> ATTY: Correct.
>
> ALJ: - - other than the RFC unless I was missing something but you haven't seen anything in the records?
>
> ATTY: I haven't, Judge, and to be honest, this file's voluminous over the years and I was going to the RFC's and I went through her treating doctor's stuff and it seemed like most of the focus was on her other problems.

7

CLMNT: That sounds about right.

(AR 435). This exchange lends support to the ALJ's determination that no objective medical evidence exists to support plaintiff's complaints regarding gross and fine motor skills. Furthermore, the ALJ's decision specifically pointed to four other physical examinations of plaintiff which revealed normal grip strength and fine motor coordination, normal range of motion, no evidence of muscle atrophy or distrophy, and no neurological deficits (AR 297). Thus, there is substantial evidence in the record to support the ALJ's decision that plaintiff's complaint was not credible.

The ALJ also found that no objective medical evidence supported plaintiff's complaints of cognitive and memory problems. Again, plaintiff failed to present any objective medical evidence of an impairment that would reasonably lead to these problems. On the other hand, the ALJ indicated that substantial evidence existed in the form of a mental evaluation of plaintiff by Dr. Richard W. Lewis (AR 390-97). Dr. Lewis's report included a functional assessment indicating that plaintiff "is able to understand, remember, and carry out instructions at all three rated levels e.g. complex, uncomplicated but detailed and simple one and two step levels of instructions" (AR 394). The ALJ also pointed to plaintiff's testimony as to her daily activities to demonstrate that her complaints were not credible (AR 297). Thus, there is substantial evidence in the record to support the ALJ's finding that plaintiff's complaints regarding memory and cognition function were not credible.

The court finds that the ALJ acted properly in the RFC assessment. The ALJ sought objective medical evidence to support plaintiff's claims. Upon review of the medical opinions, the ALJ acted within his discretion to discredit the medical opinion of Dr. Chamberlain and set forth an adequate basis in the record for doing so.

## V. CONCLUSION

Based on the foregoing, the court recommends that the plaintiff's motion for reversal of the Commissioner's decision (#10) be **DENIED** and defendant's cross motion for summary judgment (#11) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for reversal of the Commissioner's decision (#10) be **DENIED** and defendant's cross-motion for summary judgment (#11) be **GRANTED**.

**DATED:** October 2, 2009.

_/s/ Valerie P. Cooke_
_____
**UNITED STATES MAGISTRATE JUDGE**